UNITED STATAES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND IANUALE, PRO SE | : DOCKET NO.      OF |
| Petitioner | : CIVIL COURT |
| Vs. | : HABEAS CORPUS and |
| COMMONWEALTH OF PENNSYLVANIA, | : FEDERAL QUESTION |
| AND | : |
| DEPARTMENT OF TRANSPORTATION, | : |
| COMMONWEAALTH OF PENNSYLVANIA | : |
| AND | : |
| COMMONWEALTH OF PENNSYLVANIA | : |
| ATTORNEY GENERAL, | : |
| DEFENDANTS | : |

FILED
WILLIAMSPORT
SEP 09 2022
PER_____
DEPUTY CLERK

## PETITION FOR ISSUANCE OF WRITE OF HABEAS CORPUS,

## AND REVIEW OF PROCEEDING AND PROCEDURE

## AS A FEDERAL QUESTION PURSUANT TO THE

## UNITED STATES CONSTITUION, SEVERAL PROVISIONS THEREOF.

COMES NOW, RAYMCND IANUALE, A UNITED STATES CITIZEN AND RESIDENT

OF THE COMMONWEALTH OF PENNSYLVANIA WHO DOES FILE, PRO SE, THE

HEREIN CASE, BASED ON THE FOLLOWING:

1.  PETITIONER is RAYMOND IANUALE, an adult individual with a residence at 180 Alpha Drive, Stroudsburg, Pennsylvania, U.S.A.

2.  PETITIONER is bringing this action PRO SE.

3.  PETITIONER stands at present convicted of the offense of Driving While his Driving privileges were Suspended in violation of the Pa. Vehicle Code Section 3803, DUI related.

4.  PETITIONER has been sentenced, by a District Justice  to a 60 day period of incarceration for this offense, which sentence has been stayed pending appeal to the Common Pleas court.(See Exhibits as identified).

5.  Despite said appeal, notice of which was provided to the Pennsylvania Department of Transportation, the Department of Transportation has issued an additional  one year suspension of PETITIONER'S drivers license, which now totals six years of license suspension to date.

6.  The imposition of a penalty, such as an additional years license suspension, during the pendency of an Appeal of the underlying charge is per se due process violative.

7.  Prior to this latest suspension there was a brief window where the aggregate suspension of Petitioners driving privileges lapsed, and he was sent a restoration requirements letter by the Pennsylvania Department of

8. Transportation (DOT) . ( Please see relevant Restoration letter hereto attached as indexed Exhibit.)(Regarding Exhibits your Pro Se Petitioner believes he has possession of all relevant and necessary documents and has attached same as Exhibits.  He is unsure how to place them in proper order or mark them, and asks for the courts leeway to allow him to amend the Exhibit presentation once he has counsel)

9. Said Restoration letter advised Petitioner that he was eligible for the return of his drivers license upon payment of $75.00 fee, the provision of proof of his having successfully participated and completed a DUI program, and other requirements.

10. Petitioner had completed said program, and provided a copy of his certificate of completion (see indexed Exhibits) to the DOT by mail, along with a check in the amount of $75.00.

11. Another requirement which PETIIONER met was proof of registration of a vehicle he would drive and that said vehicle was insured. PETITIONER submitted paperwork establishing that both requirements were met.  (See Index of Exhibits to see that Exhibit)

12. The DOT cashed/accepted/deposited said check but did not reinstate Petitioners driver license for his failure

to meet a requirement not in existence at the time of his original charge of Driving While under the Influence.

13.    That requirement purportedly mandates that in order to have one's license restored, one must arrange for the installation in the vehicle ONE  planS to drive of an Intoxylyzer mechanism, that operates to require that the driver of a vehicle blow into a mechanism, which must clear Petitioner of his having alcohol in his system for his car to operate.

14.    Relevant Pa.DOT law, provides that the mechanism must be leased from a select group of garages, and installed by the select or authorized member of that group.

15.    Said Lessors and installers charge an extremely large amount of money to lease the instrument, and install it, topping $1,000.00

16.    Said mechanism can at any time, even while driving somewhere, force the driver to pull over and blow into the instrument, and if the instrument purportedly detects alcohol , the instrument will shut off, leaving the driver stranded.

17.    It is resp ctfully asserted that  the imposition of this additional requirement is Constitutionally tainted as:

a. No such requirement existed at the time of the
original offense of which PEITIONER was accused.

b. At no time has it been established that PETIONER HAD
been consuming alcohol while driving.(in the
original case)

c. The requirement is unduly cost prohibitive and
corrupt, designed to line the pockets of the State
appointed installers.

18. As such said requirement as applies to Petitioner is
due process violative

19. PETITIONER has, to his great harm and detriment been
without a driver's license since his driving privileges
were suspended for a period of one year stemming from a
due process violative proceeding on an already dismissed
charge of DUI.(for roughly six years).

20. Although blatantly violative of his protections
against double jeopardy, that conviction has remained on
record , and has been used as a springboard to tack on
additional periods of suspension.

21. That original charge had been dismissed by the
presiding Magistrate, in that the officer failed to
appear to testify AND had not signed the original
complaint.,

22.   Further the charge of driving under the influence
      issued despite the arresting officer subjecting PEITIONER
      to a BAC (Blood alcohol content test) which read that
      PETITIONER had no alcohol in his blood.

23.   PETITIONERS original arrest and charge in the face of
      a BAC test which established that he had consumed no
      liquor is a violation of due process and the Sixth
      Amendment to the Constitution.

24.   Despite the dismissal of the charge the Commonwealth
      reinstated the charges.

25.   Said reinstatement was constitutionally tainted, as it
      violated PEITIONERS double jeopardy rights.

26.   PETIONER at the time was represented by counsel who
      failed to challenge the reinstated charges.

27.   Instead PEITIONERS counsel advised PETIONER that he
      could work out a deal to which he advised PETIONER to
      plead guilty to, never advising him that there would be a
      license suspension consequence of such guilty plea.

28.   On the date set for disposition of the charges,
      PEIITIONER's counsel did not appear to represent him, but
      sent an unknown individual to advise that Defendant plead
      guilty.

29.   PETITIONER, without his counsel, and not knowing the consequence of his guilty plea as regards his driver's license plead guilty to the offense charged and was sentenced to 60 days in jail, and a one year period of suspension.  Additionally at the time Petitioner was in psychiatric care stemming from an attempted suicide stemming from divorce proceedings initiated by his wife, regarding which the court refused to allow state mandated counselling, this having been brought to the attention of the court by Petitioners then caretakers who wrote to the court stating that Petitioner was not in a state of mind that he could participate meaningfully in the legal process involved in this case (such documentation amongst Exhibits to be indexted)

30.   Said entry of guilty plea in the absence of his counsel violated PEITIONERS constitutional rights under the ARIZONA v MIRANDA line of cases, was due process violative, as well as his Sixth Amendment rights to counsel in such context.   .

31.   The requirements for reinstatement of licensure  have shifted since those in place when he was subject to his original one year suspension, and now include requirements which, as will be established bear no relationship to the underlying offense.

32.    As such the requirements and calculations of the
Pennsylvania Department of Transportation are per se
violative of the Constitutional rights of your Petitioner
as imposing additional periods of non-licensure upon him
which act to deprive him of his fundamental
Constitutional right to liberty, health welfare, and
property,, and are due process violative.

33.  The just recited case the ordinally resulted in
PETIEONER's license being suspended, being Constituoally
tainted, all added suspensions must be stricken.

34.  While in no manner muting that stated in paragraphs 1-
33 herein, PETIONER urges this FEDERAL COURT determine
that the imposition of drivers license suspension for
driving while under suspension is per se Consituonally
violative in that there is then no finality of the amount
of time the suspension will be in effect.   This despite
the original sentence for one year suspension, it can,
and in this case has,  gone on for  six years, and in the
alternative, the policy of the Department of
Transportation to consider a driver to be driving while
under suspension, after the imposed period of suspension
has run, but before the Defendant has met requirements
for reinstatement such as the payment of a restoration
fee, is illegal and unconstitutional . Columbus v

Herbert (Dec. 24, 1992), Franklin County, Ohio App. Nos.
92 -1059, 1060

35.  Such indefinite sentence is due process violative,
also in that in todays society not having a drivers
license constitutes a taking of a property and liberty
interest, in that, as is the case with PETITIONER, is he
would not drive he could literally not access food,
medical treatments as he lives rurally and no such places
are within walking distance. etc.

36.  As such the instant indefinite license suspension is
cruel and unusual punishment in violative of the Eighth
amendment to  the Constitution.

37.  Further the imposition of additional jail time
stemming from an incident that occurred six years ago for
which Petitioner served his original sentence is
constitutionally infirm.


WHEREFORE, in consideration of each, some or all  of the
averments of unconstitutional dimension in the instant case,
PEITIONER requests an ORDER mandating that the Pennsylvania
Department of Transportation return and reinstate PETIONERS
drivers license, negate the imposition of a 60 day jail
sentence, and issue any other relief it deems appropriate
including but not limited to a mandate that certain aspects of

the procedures and requirements currently in place in

Pennsylvania be stricken or modified.

RAYMOND IANUALE, PRO SE

**AFFADVAIT of VERIFICATION under FRCP Rule 1746**

I, RAYMONE IANUALE do hereby state, under penalty of perjury,

that all of the averments herein contained are true and correct

according to the best of my knowledge information and belief

RAYMOND IANUALE, PRO SE

Date: 8/9/22

## CERTIFICATE OF SERVICE

I,RAYMOND IANUALE, DO CERTIFY that I sent a copy of the within

Petition to the Attorney General's Office, and legal Counsel for

the Department of Transportation,

_Raymond Ianuale_

Raymond Ianuale, Pro Se, petitioner

Date: 9/9/22

180 ALPhA Dr
Stroudsburg Pa 18360