**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAYMOND IANUALE,** | : | **No. 1:22-CV-1414** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, _et al._,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Petitioner Raymond Ianuale initiated the above-captioned action by filing a _pro se_ petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Ianuale challenges his 2017 and 2022 state convictions for various driving offenses.  For the following reasons, the court will dismiss his Section 2254 petition.

## I.   BACKGROUND

In December 2016, Ianuale pled guilty to driving under the influence of alcohol or controlled substance (DUI), general impairment, 75 PA. CONS. STAT. § 3802(a)(1), and possession of drug paraphernalia, 35 PA. STAT. AND CONS. STAT. § 780-113(a)(32), in the Court of Common Pleas of Monroe County, Pennsylvania.  See Commonwealth v. Ianuale, No. CP-45-CR-0001940-2016 (Pa. Ct. Com. Pl. Monroe Cnty.).  On March 20, 2017, the Common Pleas Court sentenced Ianuale to five days' to six months' incarceration and ordered him to

pay a fine of $300.00.  See id.  Ianuale did not appeal this conviction or sentence, nor did he seek state post-conviction relief.

In November 2021, Ianuale was charged with driving on a suspended license, 75 PA. CONS. STAT. § 1543(b)(1)(i), and several additional motor vehicle code violations in Northampton County, Pennsylvania.  See Commonwealth v. Ianuale, No. MJ-03204-TR-0001626-2021 (Pa. Magis. Ct. Northampton Cnty.). The Magisterial District Court convicted him on February 2, 2022, and sentenced him to the statutory minimum sixty days' incarceration.  See id.; 75 PA. CONS. STAT. § 1543(b)(1)(i).  Ianuale filed a summary appeal to the Court of Common Pleas of Northampton County but, upon failing to appear at his hearing, the court dismissed his summary appeal.  (See Doc. 16-5; Doc. 16-6).

It appears that Ianuale subsequently renewed his summary appeal in Northampton County in or around May or July 2022, but the Common Pleas Court found him guilty on all charges at a trial de novo on September 26, 2022. See Commonwealth v. Ianuale, No. CP-48-SA-0000061-2022 (Pa. Ct. Com. Pl. Northampton Cnty.); see generally PA. R. CRIM. P. 462.  It does not appear that Ianuale appealed this Common Pleas Court judgment or sought state post-conviction relief.  See Ianuale, No. CP-48-SA-0000061-2022; PA. R. CRIM. P. 462(H)(2) (providing that defendant convicted of summary offense at trial de

*novo* in Common Pleas Court may "appeal to the Superior Court within 30 days of the imposition of sentence").

On September 9, 2022, several weeks before his trial *de novo* in the Common Pleas Court, Ianuale lodged the instant Section 2254 petition in this court. (<u>See generally</u> Doc. 1). He then filed an amended habeas petition several months later. (<u>See generally</u> Doc. 9). Respondent filed a response to Ianuale's amended Section 2254 petition in February 2023. (<u>See generally</u> Doc. 16). Ianuale filed a traverse and then an amended traverse, (<u>see</u> Docs. 17, 18), and his habeas petition is therefore ripe for disposition.

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241-2254, mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief. <u>Id.</u> § 2254(b)(1)(A). An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits. <u>Carpenter v. Vaughn</u>, 296 F.3d 138, 146 (3d Cir. 2002) (quoting <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999)); <u>see also</u> <u>Johnson v. Williams</u>, 568 U.S. 289, 302 (2013).

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play." Carpenter, 296 F.3d at 146 (citations omitted). Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns. Martinez v. Ryan, 566 U.S. 1, 9 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 747-48 (1991); Wainwright v. Sykes, 433 U.S. 72, 84-85 (1977)).

A few limited exceptions to this rule exist. One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Id. at 10 (citing Coleman, 501 U.S. at 750). "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted). To establish prejudice, a petitioner must show not merely that errors existed that created a possibility of prejudice, but that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Holland v. Horn, 519 F.3d 107, 112 (3d Cir. 2008) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). If the

4

petitioner establishes cause and prejudice, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits." Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 (3d Cir. 2017), cert. denied sub nom. Gilmore v. Bey, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

Another rare exception that excuses a procedural default is where the petitioner can establish that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'" Carpenter, 296 F.3d at 146 (quoting Coleman, 501 U.S. at 750). To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically has to demonstrate actual innocence. Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

## III. DISCUSSION

Ianuale raises a host of claims and allegations in his amended Section 2254 petition. (See generally Doc. 9 (listing at least four grounds for relief based on alleged constitutional violations)). The insurmountable problem for Ianuale, however, is that he has not exhausted any of these claims in state court. Moreover, AEDPA's statute of limitations bars any habeas challenge to the 2017 DUI conviction. Consequently, the Court must dismiss Ianuale's Section 2254 petition.

## A.    Exhaustion of State Remedies

As recounted above, and as is readily apparent from the record, Ianuale has failed to exhaust any of his federal habeas claims in state court.  He has not presented any claim—constitutional or otherwise—to the state courts through one complete round of appellate review with adjudication on the merits. Moreover, state law likely forecloses review of his claims.  See PA. R. APP. P. 903(a) (requiring direct appeal to be filed within thirty days of the order challenged); PA. R. CRIM. P. 462(H)(2) (providing that defendant convicted of summary offense at trial *de novo* may "appeal to the Superior Court within 30 days of the imposition of sentence"); 42 PA. CONS. STAT. § 9545(b)(1) (requiring state post-conviction petition to be filed "within one year of the date the judgment becomes final").  Ianuale, therefore, has procedurally defaulted any claim he is asserting in his Section 2254 petition.

Ianuale does not provide cause or prejudice to excuse his default.  The majority of his traverse discusses perceived drafting flaws in Respondent's response to his Section 2254 petition, (see Doc. 18 at 1-5, 8-9), or restates the law regarding federal habeas review.  (See id. at 9-12).  He briefly contends that he exhausted his claims by submitting a "Petition and Memorandum in Support of Vacating the Pa. D.O.T. Imposition of Suspension" and a "Motion to Dismiss Charges" to the Monroe County and Northampton County Courts of Common

6

Pleas, respectively.  (See id. at 6-7; Doc. 18-1; Doc. 18-2).  Ianuale evidently

misunderstands AEDPA's exhaustion requirements.  Even if he did submit such

filings, he has not demonstrated that he pressed any habeas claim through one

complete round of state *appellate* review and received an adjudication on the

merits.  Thus, because Ianuale has procedurally defaulted his habeas claims and

has not established cause or prejudice to excuse that default, his claims are

simply unreviewable.  Martinez, 566 U.S. at 9.[1]

### B.   Statute of Limitations

AEDPA contains a one-year statute of limitations for state prisoners

seeking habeas corpus relief in federal court.  See 28 U.S.C. § 2244(d)(1).  In

most cases, that one-year clock begins to run when the state conviction becomes

"final," as indicated by "the conclusion of direct review or the expiration of the

time for seeking such review."  Id. § 2244(d)(1)(A).  AEDPA expressly provides

for tolling of this limitations period when "a *properly* filed application for State

post-conviction or other collateral relief" for the at-issue judgment is "pending."

Id. § 2244(d)(2) (emphasis supplied).

As noted above, Ianuale did not appeal his 2017 DUI conviction or

sentence.  He had thirty days to do so following entry of judgment on March 20,

---

[1] To the extent that Ianuale has recently taken an appeal or sought state post-conviction relief with respect to his 2022 conviction but has not informed this court, his claims regarding this conviction would still be unexhausted.  See 28 U.S.C. § 2254(b)(1)(A).

2017.  See PA. R. APP. P. 903(a).  Because he failed to timely appeal, his

conviction became final for AEDPA purposes on April 19, 2017.  See 28 U.S.C.

§ 2244(d)(1)(A).  Ianuale did not seek state post-conviction relief for this offense,

so statutory tolling is inapplicable.  He also has not provided any basis for

equitable tolling.  See Martin v. Adm'r N.J. State Prison, 23 F.4th 261, 272 (3d

Cir. 2022) (noting that AEDPA's statute of limitations is subject to equitable tolling

in rare circumstances).  Consequently, any challenge to the 2017 DUI conviction

in the instant petition is additionally barred by AEDPA's statute of limitations.

## IV.   CONCLUSION

Based on the foregoing, the court must dismiss Ianuale's petition for a writ

of habeas corpus under 28 U.S.C. § 2254.  The court will likewise deny a

certificate of appealability, as Ianuale has failed to make a substantial showing of

the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), or that "jurists of

reason would find it debatable" whether this court's procedural ruling is correct,

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate Order follows.


Date: 11/30/23                              BY THE COURT:


                                            JUDGE JULIA K. MUNLEY
                                            United States District Court